\_\_\_\_ FILED \_\_\_\_ ENTERED
\_\_\_\_ LOGGED \_\_\_\_ RECEIVED

MAY 02 2016

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO: 16-938 BPG |
| BENJIE MONTALBAN, | |
| Defendant | |

## JOINT MOTION AND WAIVER OF SPEEDY PRESENTMENT AND SPEEDY TRIAL

Comes now the United States of America, by and through undersigned counsel, and the Defendant, Benjie Montalban, by and through his counsel, and jointly move for an Order excluding time under the Speedy Trial Act in the above-captioned matter. Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion and any order based thereon.

The Defendant, through counsel, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B), requests this Court extend an additional thirty (30) days the original thirty (30) day time limit within which the Government must return an indictment pursuant to 18 U.S.C. § 3161(b), and waives any speedy trial rights provided in 18 U.S.C. § 3161(c)(1), and consents to tolling of same. This application is based upon the following:

1. On April 11, 2016, a Criminal Complaint and Arrest Warrant were issued against the Defendant, charging him with Possession of Firearms Transferred in Violation of National Firearms Act, in violation of 26 U.S.C. § 5861(b), and Possession of Controlled Substance, in violation of 21 U.S.C. § 844. The Defendant made his initial appearance on April 11, 2016, and was released on conditions of supervision on April 22, 2016.

2. The Defendant agrees to waive his right to a preliminary hearing under Fed. R. Crim. P. 5, and filed a written waiver on April 20, 2016.

3. In this matter, the Defendant's arrest on a Criminal Complaint has preceded indictment at an early stage of the investigation. As a result, the return and filing of the Indictment is unreasonable within the time specified in 18 U.S.C. § 3161(b). 18 U.S.C. § 3161(h)(7)(B)(iii).

4. Due to the nature of the charges, further research and investigation by both the Defendant and the Government is necessary, and it is unreasonable to expect return and filing of the indictment within the time specified under 18 U.S.C. § 3161(b). The interests of justice will be served in granting this continuance/extension.

5. Despite the exercise of due diligence by both parties, more time is necessary in order to be effectively prepared. 18 U.S.C. § 3161(h)(7)(B)(iv).

6. In this case, the Government and counsel for the Defendant have discussed the ongoing investigation. The parties agree that delaying the Indictment of the case (which the government would be required to do by the Speedy Trial Act) may keep certain plea resolution options open. Accordingly, the parties have agreed to request an extension and exclusion of time under the Speedy Trial Act.

7. The requested extension of time would provide the parties with an opportunity to explore possible plea options, including before indictment. A pre-indictment resolution would preserve judicial resources and also would be of benefit to both parties. Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the Defendant, and the public, in a speedy trial, and a continuance and exclusion of time of 60 days is permitted by 18 U.S.C. § 3161(h)(7).

8. Pursuant to 18 U.S.C. §§ 3161(b) and (c)(1), Defendant, through counsel hereby waives any speedy trial issues resulting from this requested continuance from the date this

motion is filed through the date to which the grand jury presentation deadline is continued or the case is presented to the grand jury, whichever occurs first.

WHEREFORE, the parties respectfully request that the Court enter an order tolling both speedy presentment and speedy trial.

> Respectfully submitted,
> Rod J. Rosenstein
> United States Attorney
>
> By: /s/
> _____
> Matthew J. Maddox
> Assistant United States Attorney
>
> /s/
> _____
> Susan Hensler, Esq.
> Attorney for the Defendant