___ ENTERED
___ LOGGED ___ RECEIVED

MAY 0 2 2016

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO: 16-938 BPG |
| BENJIE MONTALBAN, | |
| Defendant | |

## ORDER REGARDING JOINT MOTION AND WAIVER OF SPEEDY PRESENTMENT AND SPEEDY TRIAL

This case is presently pending by way of Criminal Complaint. In the normal course, this matter would have required that an indictment be returned within 30 days of the Defendant's initial appearance, which occurred on April 11, 2016, pursuant to 18 U.S.C. 3161(b). The Defendant and the Government have filed a motion to extend that time, thereby waiving the right to a preliminary hearing, as well as speedy presentment and speedy trial, and for the reasons set forth therein additional time is required to adequately investigate and research issues related to the indictment of the above captioned case.

The Court finds that the ends of justice served by granting an extension of the time within which to return an indictment outweigh the best interests of the public and the Defendant in a speedy trial because, for the reasons set forth in the motion, failure to grant the extension is likely to result in a miscarriage of justice if the matter is presented to the grand jury prior to issues surrounding the investigation being fully investigated and researched. This Order is based on a finding pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iii), and (iv), that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS ORDERED that the date by which the Indictment must be returned is extended to **June 10, 2016**.

The Court finds that, pursuant Title 18, United States Code, Sections 3161(h)(7)(A) and (7)(B), based upon the joint motion of the parties, the interests of justice will be served by continuing the speedy presentment and trial date beyond those required under the statute and that the ends of justice served by such a delay in the trial of this case outweigh the interests of the public and the defendant in a speedy trial, in that:

a. the failure to grant this request in this proceeding would be likely to result in a miscarriage of justice;

b. this case involves some complex issues and thus it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act;

c. the requested exclusion of time would provide the defendant and his counsel sufficient time to conduct an investigation as well as review fully all of the discovery materials, and possibly to prepare and file pretrial motions, and will help ensure continuity of counsel;

d. the requested exclusion of time would allow the parties sufficient time to continue the ongoing discussions regarding a disposition;

e. the arrest of the Defendant on a Criminal Complaint at an earlier juncture than anticipated by the Government, making return and filing of the Indictment within 30 days unreasonable; and

f. the failure to set trial beyond the speedy trial date in this proceeding would deny counsel for the Defendant and the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

So ORDERED.



WILLIAM CONNELLY
United States Magistrate Judge